OPINION OF THE COURT
Allan Dixon, J.
Petitioner sought support from respondent by petition alleging that respondent had failed to provide fair ánd reasonable support according to her means. The respondent sought to have the petition dismissed for failure to. state a cause of action. The court denied the motion to dismiss and a hearing was held on this matter.
Testimony taken at that hearing indicates that the parties were married in 1949 and lived together as husband and wife until May of 1981. Petitioner testified that he was not employed, that he owned a farm which he had tried to run, but had fallen deeply in debt. The Farmers Home Administration had foreclosed on his mortgage, much of his equipment had been repossessed and he was filing for bankruptcy. His financial disclosure affidavit shows no income and huge debts which have left him destitute. Additionally, as part of his offer of proof, petitioner submitted medical records to indicate his inability to work. Those records show that at the time of the hearing, he had a large incarcerated incisional and inquinal hernia of his left side and that he was suffering from chronic bronchitis from smoking.
Respondent argued that petitioner’s problems were self-created. She claims the root of his problem as alcoholism, *25 which had caused not only his physical but economic and marital difficulties. This argument does not alleviate the obligation of support as provided in section 412 of the Family Court Act. That section amended in 1980 to conform with the decision in Orr v Orr (440 US 268), which reads as follows: “A married person is chargeable with the support of his or her spouse and, if possessed of sufficient means * * * may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.”
In light of this section, therefore, a review of the financial data and testimony submitted to the court is necessary.
That evidence indicates a paucity of resources available to the petitioner while respondent is employed in a prestigious, well-paying job. Although parties list substantial debts, they both have filed bankruptcy petitions in the United States Bankruptcy Court. Respondent’s financial disclosure statement indicates a net monthly income of $1,783. She lists expenses of $1,703. This leaves available income of $80 monthly. Review of the itemized expenses of the respondent lends this court to believe that some of the expenses can be reduced to a point that she would be able to pay the petitioner $100 weekly. Additionally, the court feels it appropriate that the respondent should continue to provide medical insurance coverage for her spouse through the insurance program offered through her employer.
One last problem must be addressed by this decision relative to the case. That has to do with the inordinate amount of time the court took in making this decision. No excuses are offered to the parties but sincere apologies. Section 449 of the Family Court Act provides: “Any order of support made under this article shall be effective as of the date of the filing of the petition therefor, and any retroactive amount of support due shall be paid in one sum or periodic sums, as the courts shall direct, to the petitioner, to the custodial parent or to third persons. Any amount of temporary support which has been paid shall be taken into account in calculating any amount of retroactive support due.” The operative word in this section is *26 shall. The court, however, exercises discretion and directs the respondent to pay the sum of $25 weekly on the arrearage which has been accumulated under the terms of this decision. Said arrears calculated to be $5,700.
Submit order in accordance with the official forms of the Family Court of the State of New York.